T.C. Summary Opinion 2020-16

UNITED STATES TAX COURT

ENRIQUE AGUILAR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12788-18S.                    Filed May 26, 2020.

Enrique Aguilar, pro se.

<u>Stephen O. Abanise</u>, <u>Willis B. Douglass</u>, and <u>Hans Famularo</u>, for
respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $20,534 deficiency in income tax and a section 6662(a) accuracy-related penalty for petitioner's 2015 tax year.[2] The issues remaining for our consideration[3] are whether petitioner: (1) is entitled to report a business activity on Schedule C and/or to deduct certain business expenses and (2) is entitled to deduct on Schedule A certain unreimbursed employee expenses.

## Background

Petitioner resided in California when his petition was timely filed. He worked as an automobile salesman for Crevier BMW (Crevier) for about 15 years. During 2015 petitioner was a sales manager for Crevier when it was bought out by Penske Automotive Group (Penske). At that time the business was expanding, and petitioner was asked to also become involved in acquiring used cars for resale. Petitioner received a salary of $140,110 for his work as sales manager and used

[1](...continued)
Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]At trial respondent conceded the sec. 6662(a) accuracy-related penalty.

[3]Respondent had also determined that petitioner failed to report $12,792 of income. Respondent conceded on brief that petitioner did not have $12,792 of unreported income for 2015.

car buyer.  Petitioner did not receive any other income from Crevier or Penske during 2015.  Throughout 2015 petitioner was an employee of either Crevier or Penske, and he did not conduct any other business activity in the automobile industry.

When petitioner traveled on behalf of Penske to purchase used cars, he incurred travel, lodging, and meals expenses.  Upon his return, he would submit a form to Penske's business office, along with expense receipts.  Reimbursement of the travel expenses was included in his next pay check.  Petitioner did incur some unreimbursed employee expenses and claimed $11,038 as an itemized deduction on Schedule A, Itemized Deductions, attached to his 2015 return.  After applying the statutory limitation, the deductible amount was $8,740.  Respondent disallowed the claimed itemized expenses.

On Schedule C, Profit or Loss From Business, petitioner reported business gross receipts of $40,345 and a corresponding deduction of $40,345 as travel expenses so that the net effect of the two amounts was zero.  In addition, on Schedule C petitioner claimed expense deductions in the total amount of $22,870, comprising the following:  car and truck expenses--$5,750; employee benefit programs--$2,400; legal and professional expenses--$1,300; office expenses--$1,535; deductible meal expenses--$1,075; and other expenses--$10,810.  The

$22,870 was used to reduce petitioner's $140,110 salary from his automobile sales position and some other minor income items on his 2015 return. Respondent disallowed the $10,810 of other expenses and allowed the remaining $12,060 of the $22,870 in claimed business expense deductions.

In the notice of deficiency, respondent disallowed the deduction for $40,345 of travel expenses, but did not reverse the $40,345 of income reported on the Schedule C. Petitioner's salary of $140,110 was reported on Form W-2, Wage and Tax Statement, as wages, and he did not receive any income from a business activity during 2015. Respondent also disallowed the $11,038 Schedule A deduction for unreimbursed employee expenses.

Petitioner's 2015 Federal income tax return was prepared by Michael J. Contract. Mr. Contract had prepared petitioner's returns for about 10 years before 2015. For the 2015 return it was Mr. Contract's idea to report the reimbursed expenses received from Penske as business income on Schedule C and then to deduct that exact amount, resulting in zero income from his employee activity as a buyer. He created that fiction in order for petitioner to claim other expenditures as business expense deductions on Schedule C.

## Discussion

This case presents a substantiation of expenses issue with an unusual twist. In a substantiation case the Commissioner's determinations are generally presumed correct, and it is the taxpayer's burden to show that the determinations are in error. Welch v. Helvering, 290 U.S. 111, 115 (1933); Rule 142(a). Generally, to be deductible, business expenses must be ordinary and necessary and paid or incurred in carrying on a trade or business. See sec. 162. Here, however, most of the expenses and income petitioner reported on Schedule C were shown to be a factual sham as described by respondent.

Petitioner's tax preparer, Mr. Contract, used the approach of reporting equal amounts of income and travel expenses on Schedule C in an attempt to place petitioner in a business setting. Petitioner was an employee in the automobile business. By setting up the appearance of a Schedule C business, the preparer attempted to create a business loss deduction to reduce petitioner's salary income. Mr. Contract created this facade by reporting $40,345 on Schedule C as both income and expenses, resulting in a wash. Mr. Contract, however, used the fiction to set up a claimed $22,870 business loss deduction comprising the following amounts: car and truck expenses--$5,750; employee benefit programs--$2,400;

legal and professional expenses--$1,300; office expenses--$1,535; deductible meal expenses--$1,075; and other expenses--$10,810.

As a result of respondent's audit examination, $12,060 of the $22,870 claimed loss deduction was allowed and $10,810 disallowed. Those adjustments were part of respondent's determination in the notice of deficiency. Respondent, however, by ignoring the fiction and including the $40,345 as income and disallowing the offsetting $40,345 and the $10,810 in claimed expense deductions caused an erroneous overstatement of petitioner's gross income. All of the above became apparent at trial.

Before and at trial, respondent's position was that petitioner had failed to substantiate and was not entitled to $40,345 and $10,810 of Schedule C expense deductions and $11,038 of unreimbursed employee expense deductions. Ostensibly, those were the issues before the Court. Three months after the trial, however, respondent took the position on brief that petitioner's Schedule C was a "factual sham" and should be completely disregarded. In effect, that position would result in the disallowance of the $22,870 Schedule C loss deduction that petitioner claimed on his 2015 return. We agree with respondent that the $40,345 of income and expenses reported on the Schedule C was a fiction. The Court, however cannot agree that petitioner is not entitled to deduct the $12,060 of

expenses respondent, pursuant to an examination, allowed in the notice of deficiency.

Petitioner, on brief, argues that he did have unreimbursed employee expenses. On the record, petitioner presented evidence of expenditures. Under the circumstances, we cannot ignore the $12,060 that respondent allowed petitioner after an audit examination of his records. No evidence was presented at trial showing that respondent's allowance of $12,060 in the notice of deficiency was in error. The $12,060 comprises employee business expenses, including car and truck expenses--$5,750; employee benefit programs--$2,400; legal and professional expenses--$1,300; office expenses--$1,535; and deductible meal expenses--$1,075.

The parties stipulated petitioner's records, showing that petitioner had documentation supporting those expenses. What has become obvious is that petitioner is entitled to deduct the $12,060 respondent allowed. Because petitioner admitted on the record that he did not have any business separate from that of an employee, the $12,060 would be allowable as an unreimbursed employee deduction on Schedule A. See sec. 62(a)(1). We also note that the $12,060 respondent allowed is similar in amount to the $11,038 petitioner claimed as employee expense deductions on his 2015 Schedule A. We accordingly hold that

petitioner is entitled to $12,060 in employee expenses as a Schedule A itemized deduction, subject to any statutory computational limitations.

With respect to petitioner's Schedule C expenses and resulting $22,870 loss, we hold that petitioner is not entitled to deduct that alleged loss.

To reflect the foregoing,

Decision will be entered

under Rule 155.